### RIGHTER v. SPEAR.

The plaintiff demanded of the defendant, compensation for one year's work, from or about the 1st of January in one year, to the 1st of March, in the next, without stating the kind of work. *Held* sufficient in a Justice's court, where technicality is always dispensed with.

If an appellant has paid and satisfied the judgment appealed from, he will not be allowed to arrest the trial of the appeal, if once commenced ; his proper course is to discontinue or withdraw his appeal, or suffer it to be dismissed.

This was a *certiorari* directed to the Court of Common Pleas of the county of Morris. The questions raised on the argument, appear in the opinion of this court, delivered by Justice Ryerson.

*J. W. Miller*, for plaintiff in *certiorari.*

*Scofield* and *Drake*, for defendant.

RYERSON, J. The plaintiff below, demands of the defendant, compensation for one year's work, from or about the 1st of January in one year, to the 1st of March in the next. It was objected that this does not contain sufficient legal precision ; but I think it well enough in the Justice's court. It contains in fact, more *practical*, if not *technical* certainty than would be required in this court, when a precise day is given, and from which in proof, we may vary almost indefinitely. Technicality in the Justice's court, is always dispensed with.

It was again supposed that the *kind* of *work*, ought to have been stated. But *work* and *labor* in general terms, is all that is necessary in the common law courts. *Chit. Pl.* 2 *vol.* 31, 2. It is equivalent to a retainer as a *laborer*, a class of servants known and distinguished by that name. 1 *Bl. Com.* 407, 426. I suppose the particular kind of work need not be stated, unless thereby, the remuneration is to be enhanced.

It further appears, that on the trial of this cause, before the Justice, one Clark was examined as a witness for the defendant below, the appellant and plaintiff in this court after the rendition of judgment by the Justice. This witness became the purchaser thereof, subsequent to which, the defendant below, the plaintiff in this court, and after notice of the transfer of the right to the money recovered, obtained from the plaintiff below, a general receipt in full of all demands, but without any specific reference

to this judgment. After the trial of the appeal had commenced, the defendant below, who is also the appellant, moved upon the strength of these facts, to arrest the trial and stay all proceedings in the appeal. But according to my view, he mistook his proper course. If he had in good faith paid and satisfied the judgment, after the appeal brought, and did not mean further to contest it, he should have discontinued or withdrawn his appeal, or suffered it to be dismissed; which would have left the judgment remaining as valid, though satisfied. The question whether satisfied or not, could then have been fairly and properly tried, in a proper suit or other proceeding instituted for that purpose. Had the court granted this motion, the assignee of the judgment, or other proper person would have been without his remedy. If he had attempted to sue out execution, or bring an action of debt on the record before the Justice, he would have been prevented by the appeal. If he were to apply to the Common Pleas, there would have been no record there, on which they could proceed. But if the appeal had been dismissed, or withdrawn, the whole matter would have been restored to the jurisdicton of the Justice, and he again, in contemplation of law, possessed of the record. The appellant had no right to embarrass, in this manner, the course of the other party. If the court undertook to proceed on the appeal at all—if they did any thing further than permit the appellant to withdraw it, or to dismiss it for want of prosecution, I cannot perceive how they could legally have acted differently, than they have done. By this course, they have legally ascertained what sum of money, the plaintiff below had a right to recover. If the amount, or any part thereof has been paid, the benefit, or proper application of that payment, is not at all prevented by what the court has done. If it has not been paid, no impediment is thrown in the way of its collection.

By this opinion, I avoid the question which to me seems embarrassing, whether the Common Pleas had a right to receive this evidence, so different from any that did or could appear before the Justice. Also, we as well as the court below, are saved from the necessity of deciding in a collateral way, and where the party could not be expected to be prepared to meet it,

the fairness of the alleged payment, or whether the receipt, in fact, was intended by the party who signed it, to relate to this judgment; or whether a witness for a party defendant, has a *right* in law to purchase the judgment rendered against the party who called him; or whether he has done so *bona fide*, or only collusively, to deprive the party, of the benefit of his testimony; or what other injury the witness has done to the party, and shall make amends for.

I can therefore perceive no error in the judgment of the court below, and think it should be affirmed.

HORNBLOWER, C. J. and FORD, J. concurred.

*Judgment affirmed.*

CITED in *Erving* v. *Ingram*, 4 *Zab.* 522.